Roy HOPKINS, Appellee in No. 79–1881,

v.

KELSEY–HAYES, INC., Appellant in No. 79–1881.

Susan COHN and Walter Cohn, her husband, Appellants in No. 79–2406,

v.

G. D. SEARLE & COMPANY, Appellee in No. 79–2406.

Nos. 79–1881, 79–2406.

United States Court of Appeals, Third Circuit.

April 22, 1982.

Before ADAMS, VAN DUSEN and GARTH, Circuit Judges.

### OPINION OF THE COURT

GARTH, Circuit Judge.

In *Cohn v. G. D. Searle & Co.*, 628 F.2d 801 (3d Cir. 1980), *rev'g* 447 F.Supp. 903 (D.N.J.1978), we held that New Jersey's tolling statute, *see* 2A N.J.Stat.Ann. § 14–22, which tolls the statute of limitations for claims against foreign corporations with no statutory or appointed agent in New Jersey,[1] does not violate the Equal Protection Clause of the Fourteenth Amendment. Thereafter, the Supreme Court of the United States affirmed our Equal Protection holding, *G. D. Searle & Co. v. Cohn*, —— U.S. ——, 102 S.Ct. 1137, 71 L.Ed.2d 250 (1982), but in so doing called attention to another constitutional issue—whether the tolling statute violates the Commerce Clause. Although Searle did raise the Commerce Clause issue in its brief before this court, the primary focus of the parties' arguments before us was the validity of the tolling statute under the Equal Protection Clause, and we did not address the subsidiary argument concerning the

---

1. In *Cohn*, the district court held that Searle was not "represented" by anyone in New Jersey for purposes of the tolling provision, and we affirmed that holding, which was not dis- puted before the Supreme Court. *See G. D. Searle & Co. v. Cohn*, —— U.S. ——, 102 S.Ct. 1137, 71 L.Ed.2d 250 (1982).

Commerce Clause in our opinion. Therefore, while affirming our Equal Protection ruling, the Supreme Court has now remanded the case to us for consideration of Searle's Commerce Clause argument.

In *Hopkins v. Kelsey-Hayes, Inc.*, 463 F.Supp. 539 (D.N.J.1978, aff'd by 628 F.2d 801 (3d Cir. 1980), the district court, confronted with the same Equal Protection argument as in *Cohn*, had held that the tolling statute did not violate the Equal Protection Clause. Because the two cases presented identical challenges to the tolling statute, we consolidated the appeal in *Hopkins* with that in *Cohn*, affirming the district court's judgment in the former, while reversing in the latter. Subsequently, the Supreme Court vacated our judgment in *Hopkins* and remanded the case for further consideration in light of the Court's earlier decision in *Cohn*. *See Kelsey-Hayes, Inc. v. Hopkins*, —— U.S. ——, 102 S.Ct. 1605, 71 L.Ed.2d 844 (1982).

We think it best to remand both cases to the district court. In *Cohn*, the Commerce Clause contention was apparently not fully addressed in the district court, if indeed it was raised there at all or in the same context as it was before the Supreme Court.[2] Accordingly, we deem it appropriate that the district court be given the opportunity to develop the record as may be necessary to fully explore the various aspects of the Commerce Clause question.

Unlike Searle, Kelsey-Hayes never designated a Commerce Clause question as an "issue presented" in its brief before this court. It did, however, include some references in the text of its Equal Protection argument which could be read as challenging the constitutionality of the New Jersey statute under the Commerce Clause. Still, the manner of the presentation of that issue to us on appeal did not appear to raise a Commerce Clause issue. Nor can we discern from the briefs submitted to us whether the Commerce Clause issue was raised in the district court in *Hopkins*. Inasmuch as we are remanding *Cohn* to the district court

for further consideration of the Commerce Clause issue, however, we believe that it is appropriate that the same opportunity be given to Kelsey-Hayes to present its contentions regarding the Commerce Clause.

Accordingly, we will remand the cases in *Cohn v. G. D. Searle & Co.* and *Hopkins v. Kelsey-Hayes, Inc.*, to the district court for further proceedings consistent with the instructions in the Supreme Court's opinion in *G. D. Searle & Co. v. Cohn*, —— U.S. ——, 102 S.Ct. 1137, 71 L.Ed.2d 250 (1982), and this opinion.

---

**2.** *See*, —— U.S. at ——, 102 S.Ct. at 1140; *Cohn v. G. D. Searle & Co.*, 447 F.Supp. 903, 911 n.17 (D.N.J.1978).