Dear Honorable Nelson,
The Attorney General has received your request for an official opinion asking, in effect:
 Do the provisions of the Oklahoma Mandatory Seat Belt Use Act, 47 O.S. 12-416 et seq. (1985), unconstitutionally discriminate against drivers and front-seat passengers of automobiles by requiring mandatory use of seat belts on their part and not requiring the same on the part of drivers and front-seat passengers of trucks, vans, and pickups?
 I.
The newly enacted Oklahoma Mandatory Seat Belt Use Act, to be codified at 47 O.S. 12-416 et seq. (1985), which becomes effective on February 1, 1987, requires mandatory seat belt use by operators and front-seat passengers of passenger cars operated in Oklahoma. In providing the same,47 O.S. 12-417 (1985) defines passenger car, providing:
 "A. Every operator and front seat passenger of a passenger car operated in this state shall wear a properly adjusted and fastened safety seat belt system, required to be installed in the motor vehicle when manufactured pursuant to Federal Motor Vehicle Safety Standard 208. For the purposes of this section, `passenger car' shall mean `automobile' as defined in 47 O.S. 22.1 of the Oklahoma Statutes, except that `passenger car' shall not include trucks, pick-up trucks, truck-tractors, recreational vehicles, vans, motorcycles or motorized bicycles."
The definition of "automobile" provided for at 47 O.S. 22.1(2) (1984) provides:
 " `Automobile' means every motor vehicle of the type constructed and used for the transportation of persons for purposes other than for hire or compensation. This shall include all vehicles of the station wagon type whether the same are called station wagons, or ranch wagons, van wagons, except those used for commercial purposes, suburbans, town and country, or by any other name, except when owned and used as a school bus or motor bus by a school district or a religious corporation or society as elsewhere provided by law[.]"
In short, the Oklahoma Mandatory Seat Belt Use Act requires operators and front seat passengers of automobiles to wear seat belts, and excludes the operators and front seat passengers of trucks, pick-up trucks, truck-tractors, recreational vehicles, vans, motorcycles, and motorized vehicles from such requirement. The question you present is whether the Equal Protection Clause of the United States Constitution is violated by such a classification.
 II.
The United States Supreme Court has on many occasions held that unless a state statute is inherently invidious or impinges upon fundamental rights, the statute must be upheld against equal protection challenge if it is rationally related to a legitimate governmental goal. For example, in G. D. Searle Company v. Cohn, 455 U.S. 404, 102 S.Ct. 1137, 1141,71 L.Ed.2d 250 (1982), the Court upheld a state statute that tolled the running of the statute of limitations against foreign corporations "not represented" in the state. In so ruling, the Court stated:
 "Like the Court of Appeals, we conclude that the New Jersey statute does not violate the Equal Protection Clause. In the absence of a classification that is inherently invidious or that impinges upon fundamental rights, a state statute is to be upheld against equal protection attack if it is rationally related to the achievement of legitimate governmental ends." (Emphasis added).
In commenting on the rational-basis standard, the United States Supreme Court has held that it is a relaxed standard, the Court stating:
 "We turn then to examine this state classification under the rational-basis standard. This inquiry employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary." Massachusetts Bd of Retirement v. Murgia, 427 U.S. 307, 314, 96 S.Ct. 2562, 49 L.Ed.2d 520
(1976).
In applying the rational basis standard, the Supreme Court has held that statutory discrimination will not be set aside if any set of facts reasonably may be conceived to justify the different treatment. For example, in McGowan v. Maryland, 366 U.S. 420, 425-426, 81 S.Ct. 1101,6 L.Ed.2d 393 (1961), the Court upheld a state statute which prohibited the sale of most goods on Sundays, yet at the same time, permitted the sale of soft drinks, fresh fruit, alcoholic beverages, newspapers, gasoline, various drug products, as well as products incidental to bathing, beaches, and amusement parks. In finding that that statute did not violate the Equal Protection Clause of the Fourteenth Amendment, the Court set forth the standard used in such instances, stating:
 "[T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." (Emphasis added).
In the case at hand, clearly one of the objectives to be served by the mandatory seat belt law is public safety. The differing treatment afforded those traveling in automobiles and those driving pickups, trucks, vans and the like cannot be said to be based on grounds wholly irrelevant to the achievement of a state's objective. On the contrary, it is easy to conceive of facts reasonably justifying such classification. The Legislature could reasonably have found that vans, trucks, pickups and the like, compose a class of vehicles that, on the whole, are larger, and therefore afford more protection from injury. Conversely, automobiles, which, on the whole, are smaller and lighter vehicles, afford less protection from injury. Accordingly, requiring mandatory use of seat belts in the class of vehicles which is lighter, smaller, and affords less protection from injury, would not be unreasonable, arbitrary or capricious. This being the case, it cannot be said that such classification is not founded on a rational basis. Being founded on a rational basis, the classification cannot be said to violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.
It is, therefore, the official opinion of the Attorney General that theprovisions of the Oklahoma Mandatory Seat Belt Use Act, 47 O.S. 12-416 etseq. (1985), which require that operators and front seat passengers ofautomobiles wear safety seat belts, and which at the same time put nosuch requirement on operators and front seat passengers of trucks,pickups, vans and the like, do not violate the Equal Protection Clause ofthe Fourteenth Amendment of the United States Constitution.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER, ASSISTANT ATTORNEY GENERAL CHIEF, CIVIL DIVISION