**Mike DAVIS and Dennis Davis, minors, by next friend Linda DAVIS, et al., Plaintiffs,**

v.

**CHURCHILL COUNTY SCHOOL BOARD OF TRUSTEES, Churchill County School District Superintendent Elmo Derrico, and Churchill County High School Principal Don Travis, Defendants.**

No. CV–R–85–269–ECR.

Unite States District Court, D. Nevada.

Aug. 21, 1985.

Linda Davis, in pro. per., for Mike Davis and Dennis Davis.

Marilyn O'Connor, in pro. per., for John O'Connor.

Patricia Travis, for Wade Travis.

Hallie Hitchcock, for John Hitchcock.

Peggy Coverston, for Tim Coverston.

Donald A. Lattin, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

On February 14, 1985, plaintiffs Mike Davis, John Hitchcock, Wade Travis, Tim Coverston, and John O'Connor were spectators at a Churchill County vs. Carson City junior varsity basketball game in the Churchill County High School gymnasium. The complaint alleges that two Carson City basketball players began to assault a Churchill County basketball player and that a fight then erupted between several students. The next day, after a meeting in his office, the Churchill County High School principal suspended Mike Davis, John Hitchcock and Wade Travis based upon their involvement in the fight for six days from school and from extracurricular activities for the remainder of the school year. Following the principal's meeting and after parental requests, the three students were afforded several more hearings. The students were given a hearing before three Churchill County School District employees. This panel determined that Mike, John, and Wade took part in the fight at the basketball game and upheld the six-day suspension from school. The three students appealed this decision to the Churchill County School Superintendent. He also upheld the decision to suspend Mike, John, and Wade. The three boys were granted further review by a hearing of the Churchill County School Board. The Board also found that Mike, John, and Wade had participated in the fight and should be suspended. All of these hearings were closed to the public. The complaint in this action followed.

In their complaint, plaintiffs Mike Davis, Dennis Davis, Wade Travis, John Hitchcock, John O'Connor, and Tim Coverston allege that: (1) NRS § 392.467 unconstitutionally excludes hearings on student suspensions and expulsions from Nevada's Open Meeting law; and (2) plaintiffs Mike Davis, John Hitchcock, and Wade Travis were denied their due process rights before being suspended.

Defendants now move this Court to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

## STANDING

Defendants argue that plaintiffs Dennis Davis, John O'Connor and Tim Coverston lack standing to bring this suit and, thus, this Court lacks subject matter jurisdiction.

For purposes of ruling on a motion to dismiss for want of standing, this Court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *See Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).

This Court has no jurisdiction over a plaintiff who lacks standing. *See Allen v. Wright*, —— U.S. ——, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556 (1984). In order to meet the constitutional standing requirements, a plaintiff must allege distinct personal injury that is fairly traceable to the challenged conduct and likely to be redressed by the requested relief. *Id.* 104 S.Ct. at 3325.

As to Dennis Davis, John O'Connor and Tim Coverston, there are few allegations made in the complaint to support standing. Under the heading "Parties" the complaint alleges that:

Dennis Davis is a spokesman and representative member for the student-minor class who is currently enrolled at Dayton High School in Lyon County, Nevada;

John O'Connor is a spokesman and representative member for the student-minor class who is currently enrolled at E.C. Best Junior High School in Churchill County, Nevada;

Tim Coverston is a spokesman and representative member of the student-minor class who is currently enrolled at Churchill County High School.

The complaint also alleges that Tim Coverston and John O'Connor were spectators at the basketball game. The complaint fails to allege a single additional fact pertaining to Dennis, Tim, or John.

■ In an attempt to establish standing, plaintiffs have alleged in their opposition to defendants' motion to dismiss that John O'Connor has been "threatened" with disciplinary action and Tim Coverston may be subjected to "possible" disciplinary action. Not only are there no facts in the complaint to support these allegations, the alleged injury must be more than "abstract" or "conjectural" or "hypothetical." *Id. quoting City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983).

As to Dennis Davis, not only are there no allegations that he was at the basketball game which led to the disciplinary action and procedures complained of, but Dennis does not attend any school in Churchill County. All of the named defendants are Churchill County employees. Dennis fails to allege any facts of a distinct and palpable injury and there is no relief this Court could grant him.

Plaintiffs complaint is void of any facts which support findings that Dennis, Tim, or John suffered a judicially cognizable injury. Thus, this Court lacks jurisdiction over these three plaintiffs and defendants' motion to dismiss them should be granted.

### CONSTITUTIONALITY OF NRS § 392.467(3)

In their complaint, plaintiffs argue that the exemption of NRS § 392.467(3)[1] from Nevada's Open Meeting law unconstitutionally deprives plaintiffs of the benefits of an open meeting. Plaintiffs argue that NRS § 392.467(3) deprives students of equal protection by exempting student disciplinary hearings from Nevada's Open Meeting law.

In support of their motion to dismiss this cause of action, defendants argue that closing student disciplinary hearings to the public does not deprive plaintiffs of any constitutional rights. Defendants first assert that even without the exemption in NRS § 392.467(3) plaintiffs had no right to a public hearing before the Churchill Coun-

ty School Board under Nevada's Open Meeting law. Defendants misread the statute. A public body is only permitted to close a meeting when it considers alleged misconduct after a motion is made specifying the nature of the business. NRS § 241.030(2). As no such motion was made, NRS § 241.030(1) did not permit the School Board to close the meeting. Thus, plaintiffs arguably had a right to an open hearing under the open meeting statute.

Accordingly, we turn to defendants' second argument. Defendants argue that Nevada has a reasonable basis to exempt student disciplinary hearings from Nevada's Open Meeting law and, thus, did not deprive plaintiffs of equal protection. Under NRS § 392.467(3), plaintiffs had no right to an open hearing.

■ This Court could find no cases holding that students are a suspect class which would require us to view Nevada's statute with strict scrutiny. In fact states are "permitted to regulate a minor's exercise of [his or] her constitutional rights in a manner that would not be permissible in the case of an adult in light of the special consideration that minors need." *American College of Obstetrics v. Thornburgh,* 737 F.2d 283, 296 (3rd Cir.1984) (the court considered the constitutional right to an abortion). In this case, there is even less support for recognizing these students as a suspect class. Here, the right at issue, the right to an open meeting, is not a constitutional right, but rather a statutorily created right. Some states do not even have an open meeting law such as Nevada's. Accordingly, as a non-suspect classification, we apply a rational basis test to Nevada's statute.

■ "In the absence of a classification that is inherently invidious or that impinges upon fundamental rights, a state statute is to be upheld against an equal protection attack if it is rationally related to the

---

1. NRS § 392.467(3) provided:
   "3. The provisions of Chapter 241 of NRS do not apply to any hearing conducted under this section. Such hearings shall be closed to the public."

(The Court notes that the 1985 legislature amended paragraph 3 to provide that the hearings *must* be closed to the public.)

achievement of legitimate governmental ends." *G.D. Searle & Co. v. Cohn,* 455 U.S. 404, 408, 102 S.Ct. 1137, 1141, 71 L.Ed.2d 250 (1982). Treating student-disciplinary hearings differently does not automatically constitute a violation of equal protection. *See Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); *California Ass'n of Physically Handicapped v. FCC,* 721 F.2d 667, 670 (9th Cir.1983), *cert. denied,* ── U.S. ──, 105 S.Ct. 121, 83 L.Ed.2d 63 (1984). In closing student disciplinary hearings to the public, the 1977 legislative history [2] indicates that the Nevada legislature was concerned about the privacy of the juveniles involved in such suspension or expulsion hearings. Nothing prohibits the student from recording the hearing and later releasing the recording. The concerns which prompted the Open Meeting law are inapplicable to a student disciplinary hearing. By closing such hearings, the opportunity for the public to be fully informed is preserved by the student releasing any information he or she chooses. At the same time, the privacy rights of a student involved in a disciplinary hearing are protected. Exempting student disciplinary hearings from Nevada's Open Meeting law is reasonable. Thus, Nevada did not violate equal protection under the rational basis test. Defendants' motion to dismiss as it relates to plaintiffs' claims for relief based upon NRS § 392.467(3) being unconstitutional should be granted.

### DUE PROCESS

■ Plaintiffs allege that prior to their six-day suspensions, defendants failed to provide them with due process.[3] Defendants argue that plaintiffs received even greater procedural rights than are constitutionally mandated.

■ Because suspension from school implicates a protected interest, a student facing suspension is entitled to some kind of notice and afforded some kind of hearing. *Goss v. Lopez,* 419 U.S. 565, 579, 95 S.Ct. 729, 738, 42 L.Ed.2d 725 (1974). The due process clause affords high school students facing brief suspensions only "rudimentary precautions against unfair or mistaken findings of misconduct and arbitrary exclusion from school." *Id.* at 581, 95 S.Ct. at 740.

■ In support of their argument that plaintiffs' due process rights were not violated, defendants submitted affidavits. These affidavits constitute matters outside the pleadings which require that the motion to dismiss be treated as a motion for summary judgment, and that the parties be given an opportunity to submit all material made pertinent to such a motion. Fed.R. Civ.P. 12(b). Therefore, as to the claims of violations of plaintiffs' due process rights, the motion to dismiss those claims shall be treated as a motion for summary judgment in accordance with Fed.R.Civ.P. 12(b) and 56.

■ The Court notes that the procedures outlined in defendants' supporting affidavits satisfy the rudimentary precautions for a student's six-day suspension.[4] *See Goss v. Lopez,* 419 U.S. at 582, 95 S.Ct. at 740 (holding that in an informal discussion with the disciplinarian the student be given an opportunity to explain his version of the facts after being informed what he is accused of doing and the basis of the accusation). In short suspension situations, the Supreme Court expressly refrained from construing due process to require an opportunity to secure counsel, to

2. Student disciplinary hearings were exempted from Nevada's Open Meeting law in 1977. Act of May 3, 1977, Ch. 320, 1977 Nev.Stats.

3. Plaintiffs were also suspended from extracurricular activities for the remainder of the school year. Unlike the right to an education, however, extracurricular activities do not rise to the level of a liberty or property interest. Therefore, we will analyze plaintiffs' due process rights as they relate to the six-day suspensions.

4. Plaintiffs should note that once a party moving for summary judgment initially establishes by allegations of particular facts that it is entitled to summary judgment as a matter of law, the burden shifts to the opposing party to counter with opposing affidavits or other competent evidence. *See International Union of Bricklayers v. Jaska, Inc.,* 752 F.2d 1401, 1405 (9th Cir. 1985); *Franklin v. Murphy,* 745 F.2d 1221, 1235 (9th Cir.1984).

confront and cross-examine witnesses, or to call witnesses.

### CONCLUSION

IT IS, THEREFORE, HEREBY ORDERED that defendants' motion to dismiss the complaint as to plaintiffs Dennis Davis, John O'Connor, and Tim Coverston is GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' claims that NRS § 392.467(3) is unconstitutional is GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiffs' claims of due process violations shall be treated as a motion for summary judgment. Defendants shall have 15 days within which to supplement said motion. Plaintiffs shall thereafter have 15 days within which to respond to said motion as a motion for summary judgment, and defendants shall thereafter have 10 days within which to file a reply.