The Honorable Bobby G. Newman PO Box 52 Smackover, AR 71762
Dear Mr. Newman:
You have requested an opinion of this office regarding the Arkansas Freedom of Information Act, the same being A.C.A.25-19-101 et seq. Specifically, you pose four questions:
1. Who may ask for an executive session?
 2. Can the school district's attorney be present during the closed session?
 3. Can the district conduct executive sessions for the purpose of discussing student discipline matters?
 4. Is the Arkansas Freedom of Information Act pre-empted by federal due process requirements?
I will answer your questions in the order presented.
 1. Only a member of the governing body in question may move that a public meeting be retired into executive session.
A.C.A. 25-19-106 does not state specifically who may move for a public body to retire into executive session. However, no person who is not a member of a governing body may place before the body a motion to be considered. This is not to say that governing bodies may not act on the advice of others, but rather to say that those wishing to advise a governing body do not have the standing to take official actions, such as moving that a meeting be retired into executive session.
 2. Counsel for a governing body may not attend executive sessions called under the Freedom of Information Act. Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968).
 3. A school board may discuss an appeal of a suspension of a student in an executive session based on the authority granted by the School Dismissal Act, A.C.A. 6-18-507.
 (b) The board of directors may authorize the teacher to suspend any pupils, subject to appeal to the board.
 (c) All school board meetings entertaining such appeals shall be conducted in executive session if requested by the parent or guardian of the student, provided that after hearing all testimony and debate, the school board shall conclude the executive session and reconvene in public session to vote on such appeal.
The above language is clear in that the board may meet [i]n executive session to consider student discipline only if two circumstances exist:
(1) An appeal must be pending;
 (2) The parent or guardian of the pupil at issue must request the closed session.
 4. I believe the answer to your final question to be no. The Supreme Court of the United States has recognized that public school students have a property interest in attending classes, and therefore are to be afforded due process when that right is in jeopardy. Goss v. Lopez, 419 U.S. 565, 42 L.Ed.2d 725, 95 S Ct 729
(1974). A.C.A. 6-18-507 affords due process as required by Lopez.
In applying the standards set out in Lopez, the Nevada United States District Court rejected a defense argument that student discipline hearings are required to be closed to the public. Davis v. Churchill County School Board, 616 F. Supp. 1310 (D.C. Nev. 1985).
I can find no case law indicating that a student's right to privacy is violated by a public hearing. The School Dismissal Act not only preserves a student's property right, but also his right to privacy by giving the student's parent or guardian the opportunity to request an executive session.
By doing this, the Arkansas legislature has recognized both the public's legitimate interest in knowing how governmental units function, while giving a parent or guardian the opportunity to claim a privacy exemption. But it is important to note that privacy right can only be waived by the party affected, not by the school board.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.