**Norene WOLLENZIEN, Appellant,**

v.

**The BOARD OF EDUCATION OF the MANSON COMMUNITY SCHOOL DISTRICT, Appellee.**

**No. 63840.**

Supreme Court of Iowa.

Oct. 15, 1980.

Murray & Blackburn, P.C., Fort Dodge, for appellant.

McCullough Law Firm, P.C., Sac City, for appellee.

Considered by UHLENHOPP, P. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

HARRIS, Justice.

Plaintiff lost her teaching position when it was eliminated as a part of the school's staff reduction policy. The action of the school board was upheld on appeal to an adjudicator, acting pursuant to section 279.-17, The Code 1979. The trial court, sitting in review of the adjudicator, upheld the termination of plaintiff's employment on substantive grounds. We do not reach the substantive grounds because we find the adjudicator's determination became final and binding when it went unchallenged for ten days. We dismiss the appeal.

Plaintiff was employed by the Manson Community School District as a high school English teacher beginning with the fall term 1974. In the fall of 1976 the Manson school superintendent became concerned with declining enrollment and, together with his administrative team, prepared a study of anticipated staff requirements for the 1977–78 school year. It was concluded that it would be necessary to eliminate two teaching positions. To accomplish this reduction the school board formally adopted a staff reduction policy, which provided in part:

> Administration shall base its decision as to resulting contract renewals on the relative skill, ability, competence and qualifications of available teachers to do the available work on the basis of administrative evaluation. If a choice must be made between two or more teachers of equal skill, ability, competence and qualifications to do the available work, the choice shall then be based on the professional preparation first, then experience in the local system, and finally total teaching experience.

Plaintiff was evaluated on three occasions under standard criteria then in effect for local teachers. Ten others with whom she was competing for the remaining jobs were evaluated from one to three times. All 11 teachers were found to be doing satisfactory work and all were competent and possessed relative skill and ability. Accordingly the administrative team proceeded to consider "professional preparation, experience, and total teaching experience."

Plaintiff was singled out at this stage because she was certified to teach only English, whereas the other candidates for termination were either certified in more than one area or possessed some additional characteristic, such as a master's degree. In January 1977 plaintiff was advised by the superintendent that she would be recommended for termination after the 1976–77 contract period.

Pursuant to section 279.15, The Code, plaintiff requested a private hearing before the school board. The hearing was held in April 1977 and resulted in written findings and conclusions which terminated her contract at the end of that school year. Thereafter, pursuant to section 279.17, plaintiff appealed her termination to an adjudicator.

The adjudicator filed a decision June 9, 1977. That decision upheld the school board. Plaintiff took no action upon the adjudicator's decision until July 5, 1977, when she filed a notice of appeal, pursuant to section 279.18, The Code. That appeal was submitted to the trial court and resulted in the decision which is the subject of this appeal.

The first question, which we find dispositive, is whether section 279.17 requires written rejection of an adjudicator's decision by the teacher to the school board before the teacher may appeal under 279.18. Section 279.17 provides in relevant part:

> The decision of the adjudicator shall become the final and binding decision of the board unless either party within ten days notifies the secretary of the board that the decision is rejected. The board may reject the decision by majority vote, by roll call, in open meeting and entered into the minutes of the meeting. The board shall immediately notify the teacher of its decision by certified mail. *The teacher may reject the adjudicator's decision by notifying the board's secretary in writing within ten days of the filing of such decision.* [Emphasis added.]

Section 279.18 provides for an appeal to the courts. It states in relevant part:

> If either party rejects the adjudicator's decision, the rejecting party shall, within thirty days of the initial filing of such decision, appeal to the district court of the county in which the administrative office of the school district is located.

Plaintiff did not reject the adjudicator's decision by notifying the school board secretary in writing within ten days following the filing of the adjudicator's decision. The question becomes whether the provisions of section 279.17, providing for rejection, are a prerequisite to appeal under section 279.18. We believe they are.

The canons for statutory construction are at once well settled and familiar:

> In considering legislative enactments we should avoid strained, impractical or absurd results. [Authorities.]

> Ordinarily, the usual and ordinary meaning is to be given the language used but the manifest intent of the legislature will prevail over the literal import of the words used. [Authority.]

> Where language is clear and plain, there is no room for construction. [Authorities.]

> We should look to the object to be accomplished and the evils and mischiefs sought to be remedied in reaching a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it. [Authority.]

> All parts of the enactment should be considered together and undue importance should not be given to any single or isolated portion. [Authorities.]

*Iowa Nat. Indus. Loan Co. v. Iowa State, etc.,* 224 N.W.2d 437, 440 (Iowa 1974).

In *Northern Natural Gas Company v. Forst,* 205 N.W.2d 692, 695 (Iowa 1973), we adopted the following:

> . . . [W]e examine "both the language used and the purpose for which the legislation was enacted." [Authorities.]

> . . . "In seeking the meaning of a law the entire act should be considered. Each section must be construed with the act as a whole and all parts of the act considered, compared and construed together." [Authorities.]

> Additionally, "the subject matter, effect, consequence, and the reason and spirit of the statute must be considered, as well as words, in interpreting and construing it." [Authorities.]

> Finally, "a statute should be given a sensible, practical, workable and logical construction." [Authorities.]

The pivotal sentence is of course the last one above quoted from section 279.17: "The teacher may reject the adjudicator's decision by notifying the board's secretary in writing within ten days . . . ." The parties aim their dispute at the word "may" in this sentence. Plaintiff contends the word manifests a permission as opposed to a mandatory legislative intent, citing *Iowa Nat. Indus. Loan Co. v. Iowa State, etc., supra,* 224 N.W.2d at 440–41. The board argues that

the word "may," in the sentences, is permissive only, that it provides alternatively for acceptance or rejection of the adjudicator's decision.

We think the purpose of the ten–day notice requirement conforms with budgeting needs of a school district. Thus, if a school board does not receive notice of rejection by the teacher within ten days following the adjudicator's decision, it may proceed to use or commit the funds saved by discharging the teacher. A needed teacher qualified for a different course might be hired. Without such a provision the board would be in limbo about the finality of the adjudicator's decision for at least 20 more days.

The provision also allows the board at least 20 days in which to decide if it wants to fight for dismissal on appeal to district court. The board might very well capitulate following the adjudicator's decision or following the teacher's notification of its rejection. This provision allows the school board to weigh the cost of fighting the appeal before deciding whether to go ahead with litigation.

The plain wording of section 279.17 indicates the adjudicator's decision became final and binding when it was not rejected by the plaintiff. We hold the statute means what it says and says what it means. Because the adjudicator's decision was final and binding it was not subject to a later appeal.

The board is right in urging that the appeal must be dismissed.

APPEAL DISMISSED.