**In the Matter of the Termination of the Continuing Contract of Margaret BISHOP.**

**Margaret BISHOP, Appellant,**

v.

**EASTERN ALLAMAKEE COMMUNITY SCHOOL DISTRICT, Appellee.**

No. 2–69459.

Supreme Court of Iowa.

March 14, 1984.

James Burns of Miller, Pearson, Gloe, Burns & Beatty, Decorah, for appellant.

Richard T. Heiderscheit, Lansing, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN and SCHULTZ, JJ.

SCHULTZ, Justice.

This appeal involves another attack on Iowa Code section 279.17 which requires written rejection of an adjudicator's decision in a teacher termination appeal within ten days of the filing of the decision to prevent the decision from becoming final and unappealable. Margaret Bishop, a terminated teacher, gained further review from a court of appeals decision that relied upon our holding in *Wollenzien v. Board of Manson Community School District*, 297 N.W.2d 215 (Iowa 1980), in affirming the district court's dismissal of Bishop's judicial review petition for failure to give the prescribed written rejection. We agree with the court of appeals and affirm the dismissal of Bishop's petition.

The present controversy involves a procedural question. As such, we are not concerned with the merits of the underlying dispute, and our explication of the facts will be confined to those necessary to resolve the procedural issue.

Following a decision of the board of Eastern Allamakee Community School District on May 10, 1982, to terminate her continuing contract of employment for the 1982–83 school year, Bishop appealed to an adjudicator. *See* Iowa Code § 279.17. After a hearing, the adjudicator upheld Bishop's termination. Although the decision apparently was signed by the adjudicator and mailed on August 11, 1982, it was not received by Bishop's attorney until August 17, 1982. Without designating the date of the filing, the parties agreed that within ten days of filing, on August 18 and also on August 20, Bishop orally notified the board secretary that she was rejecting the adjudicator's decision. Bishop did not then or later give the secretary written notice of her rejection. Instead, she rested on her oral notification and filed an appeal with the district court on September 3, 1982. In response, the school district by way of a special appearance contested the court's jurisdiction to hear the appeal since Bishop failed to comply with the written notice requirement. The trial court, relying on the plain language of section 279.17 and

our decision in *Wollenzien*, rejected all the arguments advanced by Bishop in her resistance to the district's special appearance and dismissed the petition.

In her assignment of errors, Bishop claims the trial court erred in failing to conclude that: (1) *Wollenzien* should be overruled as unconscionable, in violation of legislative intent and statutory interpretation, and for reasons of public policy; (2) her oral notification substantially complied with the ten-day notice requirement of section 279.17; and (3) the requirement of a ten-day written notice in order to perfect a thirty-day right of appeal to district court violates her right to due process and equal protection under the state and federal constitutions.

Chapter 279 of the Iowa Code governs, among other things, teacher terminations and provides in relevant part:

> The decision of the adjudicator shall become the final and binding decision of the board unless either party within ten days notifies the secretary of the board that the decision is rejected. The board may reject the decision by majority vote, by roll call, in open meeting and entered into the minutes of the meeting. The board shall immediately notify the teacher of its decision by certified mail. *The teacher may reject the adjudicator's decision by notifying the board's secretary in writing within ten days of the filing of such decision.*

§ 279.17 (Emphasis added).

> If either party rejects the adjudicator's decision, the rejecting party shall, within thirty days of the initial filing of such decision, appeal to the district court of the county in which the administrator of the school district is located.

§ 279.18 (Emphasis added.)

I. In *Wollenzien*, we dismissed an appeal from a district court ruling affirming the adjudicator's decision because the teacher failed to notify the board that she was rejecting the decision. *Id.*, 297 N.W.2d 215 (Iowa 1980). Specifically, we held that compliance with section 279.17 was a prerequisite to perfecting an appeal to district

court under section 279.18 since, without notification within ten days, the adjudicator's decision became final and binding and was no longer subject to judicial review. *Wollenzien*, 297 N.W.2d at 218.

In her brief and argument, Bishop mounts a full-scale attack on *Wollenzien's* holding and reasoning. We find nothing in her arguments that would cause us to abandon that holding, and we see no benefit gained by an extensive post-mortem of that case. The bottom line is that we still believe the statutes are clear and mean what they say when they require filing of a written rejection of the adjudicator's decision by the party who wishes to prevent the decision from becoming final and unappealable. Claims of unfairness and unconscionability are more appropriately presented by the constitutional challenge. Bishop's claim that the statute violates public policy should be addressed to the legislature.

II. While Bishop admits she did not literally satisfy the statutory requirements and give written notice, she claims her situation is distinguishable because, unlike the teacher in *Wollenzien* who gave no notice at all, she orally notified the board secretary on two separate occasions that she was rejecting the adjudicator's decision. Essentially, she contends her oral notice constituted substantial compliance since it fulfilled the minimal purposes advanced in *Wollenzien* for the ten-day notice requirement. *Id.*, 297 N.W.2d at 218. As a result, she insists the board was not prejudiced by lack of written notice while she was seriously harmed by dismissal of her appeal. Even assuming the school board in this case was not injured by Bishop's failure to give written notice, we think her claim of substantial compliance nevertheless must be rejected.

The statutory requirements in Iowa Code section 279.17 were intended to govern all teacher termination proceedings. While the hiring or budget needs of Eastern Allamakee School District may not have been significantly affected by the lack of written notice, the same may not be true in other

teacher termination cases. In addition, a holding that oral notice constitutes substantial compliance could inject considerable confusion in subsequent termination cases. In the future, whenever a teacher appeals an adverse decision, a school district might not only be required to defend the validity of that decision in district court but also to litigate whether a teacher substantially complied with the notice requirements of section 279.17. Surely, one purpose of written notice was to avoid the uncertainties and disputes that might arise over whether the party adversely affected by the adjudicator's decision provided sufficient notice of rejection to their opponent. Moreover, the agent for filing notice, the board's secretary, is entitled to rely on the simple guideline provided by the legislature. It is unreasonable to require the secretary to gauge the reliability of oral statements of a disgruntled party to the termination proceedings in determining whether a board meeting is required to plan its course of action. The potential for abuse and protracted disputes over the issue of notice is virtually unlimited if we allow oral notice to satisfy the requirements of section 279.17.

Additionally, the school district or a teacher may well be prejudiced if oral notice is retroactively held to constitute substantial compliance with section 279.17. Where a statute requires the party adversely affected by an adjudicator's decision to reject that decision in writing, the other party should be able to rely on the absence of written notice in assuming the adjudicator's decision is final and no longer subject to further review. Otherwise, either party may rely on a favorable decision and enter or forego other contracts to their detriment.

Finally, we think Iowa law is not supportive of Bishop's substantial compliance claim. For instance, in *Shearer v. Perry Community School District*, 236 N.W.2d 688 (Iowa 1975), we held that neither actual knowledge on the part of school officials about an accident resulting in an injury to one of the school's students nor oral notifi-

cation to the school superintendent by the student's mother constituted substantial compliance with section 613A.5 requiring written notification to a governmental subdivision of a tort claim. Specifically, we stated:

> The knowledge on the part of the school officials and employees certainly cannot be construed as substantial compliance with the notice requirements of the statute. We are not informed as to the substance of the [oral] notification to the superintendent by the student's mother, but in any event we are not prepared to say such [oral] *notification constituted substantial compliance with a statute clearly and specifically requiring written notice.*

*Id.*, 236 N.W.2d at 693–94 (emphasis added). *See also Franks v. Kohl,* 286 N.W.2d 663, 666 (Iowa 1979) (actual knowledge by governmental body of incident giving rise to city employee's tort claim does not supplant section 613A.5 requiring written notice of claim even though employee claimed that city had opportunity to investigate matter and was not prejudiced by lack of written notice). Similarly, although the fighting issue in *Wollenzien* was no notice rather than substantial compliance with the notice requirement, we stated that section 279.17 "[m]eans what it says and says what it means." *Id.*, 297 N.W.2d at 218.

Given these pronouncements and the potential for confusion or protected disputes over the issue of notice as well as a party's right to rely on the plain meaning of a statute, we hold that section 279.17 requires written notification and that, barring such notice, an adjudicator's decision is final and binding.

III. Bishop next claims that the requirement of a ten-day written notice to perfect a thirty-day right of appeal violates her right to equal protection and due process under the federal and state constitutions. U.S. Const. amend. XIV; Iowa Const. art. I, §§ 6, 9. We first consider Bishop's equal protection argument and then address her due process claims.

The gist of Bishop's equal protection challenge is that the legislature has arbitrarily discriminated against persons seeking judicial review in teacher termination cases by subjecting them to a ten-day notice requirement that no other litigants must satisfy in order to perfect an appeal to district court. She claims such treatment abridges her right to equal protection. We cannot agree.

■■■ Since the challenged classification does not involve a suspect class or fundamental rights, it is not subject to heightened scrutiny and must be sustained unless the challenging party can demonstrate that it is patently arbitrary and bears no rational relationship to a legitimate governmental interest. *Lunday v. Vogelmann,* 213 N.W.2d 904, 907 (Iowa 1973). Under the rational basis test, a legislative classification is upheld if any conceivable state of facts reasonably justify it. *Id.* Additionally, the guarantee of equal protection does not exact uniformity of procedure. The legislature may classify litigants and adopt certain procedures for one class and different procedures for other classes, so long as the classification is reasonable. *See G.D. Searle & Co. v. Cohn,* 455 U.S. 404, 102 S.Ct. 1137, 71 L.Ed.2d 250 (1982); *Dohany v. Rogers,* 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930). All that is required is that similarly situated litigants be treated equally.

■■ As a teacher and public employee, Bishop cannot claim she is similarly situated to private litigants seeking judicial review of their claims. Assuming without deciding that teachers are similarly situated to other public employees seeking judicial review of their termination, the ten-day rejection notice nevertheless is valid.

■■■ We judicially note that the school term generally runs from late August to early June rather than being in session for a full calendar year. The statutory scheme in the timing of both employment and termination procedures evinces an intention by the legislature to gear the hiring and discharge process to the special nature of

the school term. *See e.g.,* Iowa Code § 279.13(2) (automatic continuation of contract unless modified or termination by mutual agreement of parties in accordance with procedures of this chapter, resignation of teachers must be filed not later than last day of school); § 279.15(1) (school officials shall notify teacher not later than March 15 that school will recommend termination of his or her contract). Once termination proceedings are invoked, the legislative scheme reveals an attempt to expedite the process and fit it within the three-month hiatus between the end of the old term and the beginning of the new. *See e.g.* § 279.-15 (request for private hearing must be made by teacher within five days of recommendation of termination and hearing held no later than twenty days after request); § 279.16 (five-day period for board to meet and make a final decision); § 279.17 (teacher may within ten days of determination by board appeal decision to adjudicator by filing a notice of appeal with board secretary). *See also* time limits for selecting an adjudicator, holding the hearing, rendering a decision and appealing adjudicator's decision. Iowa Code § 279.17–.18.

■ In view of this scheme, the purpose behind the ten-day rejection requirement is to shorten the time period in which parties must decide whether to appeal an adverse decision. This advance notice places a premium on time that is unique to and consistent with the legislative attempt to fit the termination procedure within the three-month hiatus between school terms. If advance notice is not given, then the adjudicator's decision becomes final earlier than the normal period allowed for appeals. Given the timing of the school term and the need to expedite and complete the process as soon as possible so either the teacher or board can assess their hiring or employment needs for the coming term, we conclude the ten-day rejection requirement was not arbitrary and was rationally related to a legitimate governmental purpose.

■ In her due process claim, Bishop launches a two-prong attack on the ten-day notice requirement. First, she claims the interrelationship between the ten-day rejection requirement under section 279.17 and the right to appeal under section 279.18 is so vague and unclear that a person of common intelligence is left to guess whether ten-day notice is or is not required prior to an appeal. If such a contention ever had merit, which we are loathe to concede given the plain terms of the statutes, it can hardly be considered colorable after our decision in *Wollenzien.* There, we emphatically and clearly indicated that notice of rejection within the ten-day period specified in section 279.17 was a prerequisite to an appeal under section 279.18. *Id.,* 297 N.W.2d at 217.

■ In her second assault on the statute, Bishop argues that the ten-day notice requirement operates as a trap for the unwary and is so burdensome and unreasonably short that it violates her right of due process of law. Initially, we note that we are not presented with a case where a party through no fault of their own was unable to comply with a procedural requirement in order to win his or her day in court. *See e.g., Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (A state court's dismissal of a discharged employee's claim under the state's Fair Employment Practices Act for lack of jurisdiction because the Commission failed to convene a fact-finding conference within the 120-day statutory period deprived the employee of due process of law). Although Bishop twice orally notified the board secretary she was rejecting the adjudicator's decision, she did not then or ever submit her rejection in writing. We think a simple concise statement of her rejection could have been filed within the ten-day period and was not so onerous as to deny her due process of law.

■ The United States Supreme Court has long recognized that a state "[m]ay erect reasonable procedural requirements for triggering a right to adjudication, be they statute of limitations, or in appropriate cases, filing fees," and a state "[a]ccords due process when it terminates a claim for failure to comply with a reasona-

ble procedural or evidentiary rule." *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265, 279, (citations omitted). All that is required is that a party be given a meaningful opportunity to have their claim heard. *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). We believe the two hearings, one before the school board, the other before an adjudicator, as well as the right to timely seek judicial review adequately provided Bishop with a meaningful opportunity to have her claim heard.

 Finally, we find Bishop's claim that the ten-day notice requirement operates only as a trap for the unwary specious in light of the time limits she already had to satisfy to gain a hearing before the school board, Iowa Code § 279.15, and to appeal the board's decision to an adjudicator, Iowa Code § 279.17. As noted earlier, the statutory procedure developed by the legislature was intended to create a termination scheme compatible with the particular timing of the school term and the concomitant need for a speedily resolution of these disputes. That the procedure in this case did not exactly coincide with the intended framework does not in any way denigrate the state's legitimate interest in providing such a framework or deprive Bishop of due process of law.

Because we find Bishop's contentions are without merit, we conclude the district court was correct in dismissing her petition for judicial review on timeliness grounds. Accordingly, the opinion of the court of appeals is affirmed.

AFFIRMED.