Clarke Tyler KNOWLES, Appellee,

v.

IOWA DEPARTMENT OF TRANSPORTATION, Appellant.

No. 85-1542.

Supreme Court of Iowa.

Oct. 15, 1986.

Rehearing Denied Nov. 11, 1986.

Thomas J. Miller, Atty. Gen., and Richard E. Mull, Asst. Atty. Gen., for appellant.

Thomas R. Eller of Nash, Eller & Brink, Denison, for appellee.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, WOLLE, and NEUMAN, JJ.

REYNOLDSON, Chief Justice.

Respondent Iowa Department of Transportation (DOT) appeals a district court judicial review decision. The ruling held several Iowa statutes were unconstitutionally applied to revoke the driver's license of petitioner Clarke Tyler Knowles. Petitioner cross-appeals. We affirm.

The relevant facts are undisputed. July 8, 1983, petitioner was arrested for operating a motor vehicle while intoxicated (OWI), a violation of Iowa Code section 321.281 (1983).[1] The arresting patrolman invoked the implied consent procedures of Iowa Code chapter 321B. *See* Iowa Code § 321B.4. Petitioner flunked a breath test and his driver's license was revoked. He appealed, contending snuff in his mouth, originally laced with brandy and later with self-administered intoxicants, made the test results unreliable. A DOT hearing officer agreed with petitioner and rescinded the license revocation in a decision later upheld in a departmental appeal.

December 10, 1984, petitioner was convicted of OWI in district court. DOT then revoked his driving privileges for one year under Iowa Code section 321.209(2). That statute requires the DOT to revoke the license of any individual who is convicted of "[o]perating a motor vehicle in violation of section 321.281 [and] . . . whose driver's license has not been revoked under chapter 321B for the occurrence from which the arrest and subsequent conviction arose." *Id.* § 321.209(2). The revocation was for one year as required by Iowa Code section 321.212(1)(a). Revocation under section 321.209(2) also made petitioner ineligible for a work permit. *See id.* § 321.210; *Pietig v. Iowa Department of Transportation,* 385 N.W.2d 251, 253 (Iowa 1986).

In contrast with the punishment he in fact received, had petitioner not successfully contested the Iowa Code section 321B.16 revocation he would have incurred, upon the subsequent OWI conviction, no more than the 120-day suspension and would have been eligible for a restricted license. *See* Iowa Code §§ 321.209(2), 321B.16. Petitioner filed a petition for judicial review, asserting that as applied to him the code sections utilized to revoke his license violated his right to equal protection guaranteed by the United States and Iowa Constitutions.

In an October 22, 1985, decision the district court found the relevant statutes unconstitutional as applied to petitioner because they violated the equal protection provision of the Iowa Constitution. The court reduced the 1-year license revocation triggered by petitioner's OWI conviction to 120 days, the period of revocation provided by Iowa Code section 321B.16. The DOT appeals. Petitioner cross-appeals asserting the 120-day license revocation should not have been imposed.

■ I. Petitioner argued in district court, and asserts here, the statutes in question violate his right to equal protection as guaranteed by the United States and Iowa Constitutions. *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 6. We have interpreted the equal protection provisions in the federal and state constitutions to be substantially similar. *Argenta v. City of Newton,* 382 N.W.2d 457, 460 (Iowa 1986); *Stracke v. City of Council Bluffs,* 341 N.W.2d 731, 733 (Iowa 1983). Because no suspect class or fundamental right is involved here, we apply the traditional rational basis test. *See Bishop v. Eastern Allamakee Community School District,* 346 N.W.2d 500, 505 (Iowa 1984); *Stracke,* 341 N.W.2d at 733.

State statutes are clothed with a presumption of constitutionality. We must construe such statutes, if possible, in a manner that will render them consistent with the federal and state constitutions. *State v. Monroe,* 236 N.W.2d 24, 35 (Iowa

---

1. All Iowa Code references in this opinion are to the 1983 Code unless otherwise specified.

1975). Under the rational basis test, we uphold the statutes if they bear "some fair relationship to a legitimate public purpose." *Argenta*, 382 N.W.2d at 461; *see Bishop*, 346 N.W.2d at 505. Petitioner thus has the burden to negate every reasonable basis upon which the statutes may be sustained. *Argenta*, 382 N.W.2d at 461.

The equal protection guarantee does not require uniformity. "The legislature may classify [persons] and adopt certain procedures for one class and different procedures for other classes, so long as the classification is reasonable." *Bishop*, 346 N.W.2d at 505. Persons similarly situated, however, must be treated equally. *See id.*

Petitioner contends the legislature, by these license revocation statutes, has made an arbitrary and irrational classification of motorists convicted of OWI. Convicted drivers who have acquiesced in the Iowa Code section 321B revocation, or who do not prevail at an administrative hearing, receive only the 120–day revocation. Iowa Code § 321B.16. They have an opportunity to obtain a temporary license, *id.*, with no further revocation being imposed, *id.* § 321.209(2). However, a convicted OWI offender who has prevailed in an administrative revocation proceeding based on the same occurrence incurs a one-year revocation. *See id.* §§ 321.209(2), 321.212(1)(a).

In the face of this obvious disparity, the DOT advances several grounds for upholding the statutes as applied. It first argues the state can draw a reasonable classification between individuals subject to an administrative sanction and individuals convicted of a crime. The well-reasoned district court decision disposes of this contention:

> [T]he court would be quick to agree with [DOT's] position if DOT uniformly treated those convicted more harshly than those who "merely" refuse or fail testing. However, this argument misses the point, in that the disparate treatment among classes that petitioner complains of is among two classes, both of which are convicted of a violation of 321.281. The valid state interest in treating those

convicted more harshly than those who refuse or fail testing is not furthered by and does not justify disparate treatment of those convicted.

DOT next asserts the classification is justified because it discourages administrative appeals and thus conserves limited state administrative resources. As the district court observed, however, "[n]ot all persons who deplete the state's resources by contesting the 321B proceeding are treated more harshly, just those persons who win." Here the legislature has provided a mechanism to enforce the provisions of the implied consent law, and to protect the rights of drivers. To hold a driver who has sought such protection must be singled out for heavier penalties at a subsequent time, in order to conserve state resources, would be to ignore the concepts of constitutional equal protection.

Finally, the DOT asserts this situation is similar to a plea arrangement, wherein the state agrees "to extend a benefit to a defendant who in turn extends a substantial benefit to the State." *Brady v. U.S.*, 397 U.S. 742, 753, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747, 759 (1970); *see also State v. Whitehead*, 163 N.W.2d 899, 902 (Iowa 1969). We agree with the district court that the fact an accused has elected to go to trial, thereby depleting the state's resources, is irrelevant to the severity of the sanction imposed. We have no statutory formula informing a criminal defendant that if he or she pleads not guilty and puts the state to the expense of a trial a conviction will carry the maximum penalty; but if he or she pleads guilty thus avoiding this expense, punishment will be the minimum sanction. We find no analogous situation in this argument advanced by the DOT.

We hold application of the above statutes to this petitioner in these circumstances to be a violation of the equal protection provisions of both the United States and Iowa Constitutions.

■ II. In modifying petitioner's license revocation to 120 days with the right to apply for a work permit, the district

court apparently relied both on what it perceived to be a concession made by the petitioner and the language of Iowa Code section 17A.19(8), which states:

> The court may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant any other appropriate relief from the agency action, equitable or legal and including declaratory relief, if substantial rights of the petitioner have been prejudiced because the agency action is:
>
> a. In violation of constitutional or statutory provisions.

Iowa Code § 17A.19(8).

The DOT points out the basis of revocation mandated by Iowa Code section 321.209(2) is not invalid. As applied to this petitioner, it is only when the license revocation exceeds 120 days that the constitutional infirmities arise. *See id.* § 321.212(1)(a). Iowa Code section 321.212(1)(a) states: "[U]pon revoking a license the department shall not grant an application for a new license until the expiration of one year after revocation, *unless another period is specified by law." Id.* (emphasis added). Here application of the equal protection provisions of the federal and state constitutions mandate another period: 120 days. The legislature's intent in every such case to impose some period of revocation is underscored in its new legislation that eliminates the issues that arose in petitioner's situation.[2]

In a similar fashion, a provision in Iowa Code section 321.210 operates unconstitutionally to deprive those in petitioner's classification of equal protection.[3] Such persons are unreasonably deprived of the opportunity to apply for a temporary restricted license.

A statute may be constitutionally invalid as applied when it operates to deprive an individual of a protected right although its general validity as a measure enacted in the legitimate exercise of state power is beyond question. *Little v. Streater,* 452 U.S. 1, 16, 101 S.Ct. 2202, 2210–11, 68 L.Ed.2d 627, 639 (1981); *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 787, 28 L.Ed.2d 113, 120 (1971); 16 Am. Jur.2d *Constitutional Law* § 802 (1979) ("[I]t is ... [a] well-established principle that a provision not objectionable on its face may be adjudged unconstitutional because of its effect and operation.").

We agree with trial court that the operation of these statutes as applied to those who have successfully challenged the Iowa Code chapter 321B revocation deprives such persons of equal protection and is therefore constitutionally invalid as to them. The decision of the district court providing for a 120–day suspension and a right to apply for a temporary restricted license is affirmed.

AFFIRMED.

---

**2.** During the 1986 legislative session, the General Assembly combined Iowa Code chapter 321B with several relevant sections from chapter 321 to form a new chapter: 321J. *See* 7 Iowa Legis. Serv. 56 (West 1986). Under the new legislation, a revocation entered upon an OWI conviction will run for the same period as an administrative revocation entered for failing a chemical test, when the latter has not already been imposed. *See id.* at 61, 69–70. Moreover, under the new legislation a person whose license is revoked upon certification of an OWI conviction may apply for a temporary restricted license. *See id.* at 74. The legislation thus resolves the disparate treatment of the criminally convicted who already are subject to an administrative revocation and those who suffer revocation upon their OWI conviction.

**3.** The relevant portion of that section provides:

> The director may, on application, issue a temporary restricted license to any person convicted whose regular employment is the operation of a motor vehicle ..., but such person shall not operate a vehicle for pleasure while holding such restricted license. *However, this paragraph shall not apply to any person whose license is revoked under the provisions of section 321.209 [1 to 6].*

Iowa Code § 321.210 (emphasis added).