# IN THE COURT OF APPEALS OF IOWA

No. 16-0258
Filed February 8, 2017

**DES MOINES INDEPENDENT COMMUNITY
SCHOOL DISTRICT,**
     Petitioner-Appellant,

**vs.**

**ANITA BABE,**
     Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano,

Judge.

The school district challenges the district court's dismissal of the appeal of

an adjudicator's decision. **AFFIRMED.**

Andrew J. Bracken and Ann M. Smisek of Ahlers & Cooney, P.C., Des

Moines, for appellant.

Becky S. Knutson of Davis, Brown, Koehn, Shors & Roberts, P.C., Des

Moines, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

The Des Moines Independent School District (District) challenges the district court's dismissal of its appeal of an adjudicator's decision. Because the District did not reject the arbitrator's decision within the time provided by Iowa Code section 279.17(7) (2014), the adjudicator's decision was final and binding, and the district court was without jurisdiction to hear the appeal. Summary judgment was properly granted.

**I. Background Facts and Proceedings.**

These facts are not in dispute. Anita Babe is a teacher employed by the District. In October 2014, the district superintendent recommended termination of Babe's contract. The District's board of directors held a hearing concerning the recommendation, after which it issued written findings of fact and conclusions of law.

Babe appealed the board's findings and conclusions to an adjudicator, as authorized by Iowa Code section 279.17. Counsel for both parties consulted and contacted the Public Employment Relations Board in order to obtain a list of adjudicators to hear the appeal. Counsel for the parties selected and notified the adjudicator, Ron Hoh; provided him with the record from the hearing before the board; set the schedule for the proceedings; and filed written briefs.

Adjudicator Hoh issued his decision, dated November 17, 2015, and he sent a copy of his decision on November 20, 2015, to the attorneys for the teacher and the school board via ordinary mail.

The District electronically filed an appeal of the adjudicator's decision with the district court on December 15, 2015. Prior to filing the appeal, the board did

not reject the adjudicator's decision in an open meeting, by roll call vote, or notify the board secretary of its rejection of the decision, or notify the teacher of its decision by certified mail.

On December 23, 2015, Babe filed her special appearance and motion to dismiss or for summary judgment based upon the board's failure to comply with section 279.17(7). The District filed a resistance on December 31, asserting the adjudicator had failed to give the decision to the board secretary as provided in section 279.17(7), and therefore, its "performance under section 279.17(7) has not begun yet."

On January 6, the District filed an amended and substituted notice of appeal and an affidavit by board secretary, Thomas Harper. Harper avowed, in part, "On January 5, [2016,] the School Board rejected the decision of the adjudicator. The Board's rejection was by majority vote, by roll call, in open session." The district court allowed the amendment, making no determination as to the effect, if any, of the amended pleading.

On January 29, a hearing was held at which the district court heard arguments and granted summary judgment for Babe, concluding "there is no dispute that the decision of the adjudicator was not rejected by the Board of Directors of the District, as required by section 279.17(7), Code of Iowa, before the instant appeal was filed." Further, "[w]ithout the required rejection, the court is without authority to proceed to consider the appeal over the timely objection of Ms. Babe."

The District appeals.

**II. Scope and Standards of review.**

"We review summary judgment rulings for correction of errors at law." *Roll v. Newhall*, ___ N.W.2d ___, ___, 2016 WL 7421325, at *2 (Iowa 2016). We determine whether the district court correctly applied the law. *Id.* The record is viewed in the light most favorable to the nonmoving party. *Id.*

**III. Discussion.**

As noted in *In re Bishop*, 346 N.W.2d 500, 503 (Iowa 1984), chapter 279 of the Iowa Code governs teacher terminations and other matters. If a teacher is dissatisfied with the board's decision, the teacher may appeal to an adjudicator. *See* Iowa Code § 279.17. The adjudicator may affirm, remand to the board for further proceedings, reverse, modify, or grant other relief as provided in section 279.17(6). The adjudicator is to "make a decision" after a hearing and "give a copy of the decision to the teacher and the secretary of the board." *Id.* § 279.17(7). Section 279.17(7) then provides: "*The decision of the adjudicator shall become the final and binding decision of the board unless either party within ten days notifies the secretary of the board that the decision is rejected.*" (Emphasis added.)

Section 279.18 provides for an appeal to the district court, stating in relevant part: "If either party rejects the adjudicator's decision, the rejecting party shall, within thirty days of the initial filing of such decision, appeal to the district court of the county in which the administrative office of the school district is located." *Id.* § 279.18(1).

In *Wollenzien v. Board of Manson Community School District*, 297 N.W.2d 215, 218 (Iowa 1980), the supreme court held compliance with section 279.17

was a prerequisite to perfecting an appeal to district court under section 279.18; without notification of rejection within ten days, an adjudicator's ruling becomes final and binding.

The means of rejecting an adjudicator's decision is set forth in section 279.17(7):

> *The board may reject the decision by majority vote, by roll call, in open meeting and entered into the minutes of the meeting. The board shall immediately notify the teacher of its decision by certified mail.* The teacher may reject the adjudicator's decision by notifying the board's secretary in writing within ten days of the filing of such decision.

(Emphasis added.)

In *Wollenzien*, the teacher had failed to notify the board's secretary of her rejection of the adjudicator's decision in writing before filing an appeal, and the supreme court concluded the adjudicator's decision was final and binding. 297 N.W.2d at 217-18.

In *Bishop*, the supreme court rejected a claim that substantial compliance with section 279.17(7) was sufficient and held a teacher's oral notice of rejection of the adjudicator's decision did not keep the adjudicator's decision from becoming final and binding. 346 N.W.2d at 504-05. The *Bishop* court confirmed[1] what it had said earlier:

> The plain wording of section 279.17 indicates the adjudicator's decision became final and binding when it was not rejected by the plaintiff. We hold the statute means what it says and says what it means. Because the adjudicator's decision was final and binding it was not subject to a later appeal.

---

[1] *Bishop*, 346 N.W.2d at 505.

*Wollenzien*, 297 N.W.2d at 218. Moreover, the court rejected the teacher's due process argument, stating:

> In view of this scheme, the purpose behind the ten-day rejection requirement is to shorten the time period in which parties must decide whether to appeal an adverse decision. This advance notice places a premium on time that is unique to and consistent with the legislative attempt to fit the termination procedure within the three-month hiatus between school terms. If advance notice is not given, then the adjudicator's decision becomes final earlier than the normal period allowed for appeals. Given the timing of the school term and the need to expedite and complete the process as soon as possible so either the teacher or board can assess their hiring or employment needs for the coming term, we conclude the ten-day rejection requirement was not arbitrary and was rationally related to a legitimate governmental purpose.

*Bishop*, 346 N.W.2d at 506.

Here, the District argues that because the adjudicator's decision was not given to the board secretary as stated in section 279.17(7) it was allowed to reject the adjudicator's decision by its actions in January 2015—several weeks after the adjudicator's ruling. The district court rejected the District's position, noting the board's counsel had acted in the board secretary's stead in numerous instances throughout the proceeding and received a copy of the decision prior to filing the appeal.

The supreme court has uniformly held there must be strict compliance with procedural requirements under sections 279.17 and 279.18 by the teacher. *See Walthart v. Bd. of Dirs. of Edgewood-Colesburg Cmty. Sch. Dist.*, 667 N.W.2d 873, 875-76 (Iowa 2003); *Bishop*, 346 N.W.2d at 505; *Wollenzien*, 297 N.W.2d at 215. Moreover, strict compliance by the board with termination procedures is required. *See Kruse v. Bd. of Dirs. of Lamoni Cmty. Sch. Dist.*, 231 N.W.2d 626,

631-33 (Iowa 1975) (holding the board's "attempted termination of [the teacher's] teaching contract was null and void").

The District argues, "The procedures of section 279.17(7) contemplate that a teacher and a secretary of the board receive notifications directly from the adjudicator and do not provide that notice to legal representatives is sufficient to satisfy notice obligations under the statutes." The District argues at length about the failure of the *adjudicator* to strictly comply with the requirements of section 279.17(7), claiming the adjudicator did not "file" the decision until he sent the decision to the board secretary. This argument might have some sway had the District claimed it had not been notified of the adjudicator's decision. But the District did know of the adjudicator's decision and failed to reject that decision as required by section 279.17(7). "Because the adjudicator's decision was final and binding it was not subject to a later appeal." *Wollenzien*, 297 N.W.2d at 218.

In any event, section 279.17(7) does not require the adjudicator's "filing" of a decision. Rather, the provision states the adjudicator is to "make a decision" and "give a copy" of the decision to the teacher and the board secretary. To "give" a copy of the decision to the teacher and the board secretary provides notice to the parties that an appeal decision is to be made. Here, the adjudicator's decision was given to the board's attorney, who had repeatedly performed the secretary's tasks during the process. *See* Iowa Code § 279.37 (allowing school corporation to employ an attorney for proper conduct of legal affairs); *see also id.* § 279.5 (noting the board is to appoint a temporary secretary in absence of regular officer).

Moreover, we believe "give a copy" is analogous to "give notice" and, in respect to the latter, our supreme court has stated,

> The general rule is that when a statute or other provision does not expressly authorize notice by publication, mail, or some other specified method, but requires a person to notify in writing or to give written notice, then the method of transmitting the writing to the recipient is not important but receipt of the writing by the one to be notified is essential—absent circumstances which we do not now have.

*Flaunders v. Waterloo Cmty. Sch. Dist.*, 217 N.W.2d 579, 582 (Iowa 1974) (citations omitted). Thus, the method of transmitting the writing or copy to the secretary, such as through counsel, is not important. Further, even if we disregard when the board's counsel received a copy of the adjudicator's decision, the board and secretary can hardly deny they had receipt of the adjudicator's decision by December 15, as on that date the notice of appeal was filed.[2] Yet, no vote by the board rejecting the adjudicator's decision occurred until January 5. We also find no merit in the District's argument that the date of the "filing" of the adjudicator's decision as provided in section 279.17(7) should be distinguished from the date of its receipt because, otherwise, the board could withhold "filing" the decision whenever it so chose after its receipt. But if the filing date is different, the board can hardly say it was not filed by the date of their notice of appeal.

We will not allow the District to bypass the niceties of the statutory duties of the secretary throughout the process and then rely on those niceties to excuse its failure to abide by statutory requirements. *See In re Devine's Estate*, 123

---

[2] The notice of appeal states, in part, "On November 17, 2015, the adjudicator reversed in part and modified the decision of the Board."

N.W.2d 898, 902 (Iowa 1963) ("One cannot usually have his cake and eat it too.").

It is undisputed the adjudicator mailed the decision to the board's counsel on November 20, counsel received the adjudicator's decision at the latest by "the first week of December,"[3] and "promptly called the superintendent and superintendent designee." The board did not—within ten days—"notify the secretary of the board that the decision was rejected," did not "reject the decision by majority vote, by roll call, in open meeting and entered into the minutes," and did not "immediately notify the teacher of its decision by certified mail." Iowa Code § 279.17(7). Having failed to reject the adjudicator's decision as required prior to filing an appeal, we agree with the district court the adjudicator's decision was final and binding and the district court was without jurisdiction to hear the appeal.

**AFFIRMED.**

---

[3] There is no reason given why counsel did not receive the November 20 mailing sooner. Even assuming this early December receipt of the adjudicator's decision, the board did not reject the decision within ten days.