No. 84–385. HONDA MOTOR CO., LTD. *v.* COONS; and
No. 84–591. COONS *v.* HONDA MOTOR CO., LTD. Sup. Ct. N. J. Certiorari denied. Reported below: 94 N. J. 307, 463 A. 2d 921, and 96 N. J. 419, 476 A. 2d 763.

---

JUSTICE REHNQUIST, dissenting.

In his cross-petition for certiorari Walter P. Coons seeks review of the New Jersey Supreme Court's holding that the New Jersey tolling statute, N. J. Stat. Ann. § 2A:14–22 (West 1952), violates the Commerce Clause of the United States Constitution because it tolls the statute of limitations for claims against corporations not represented in New Jersey. *Coons* v. *American Honda Motor Co.*, 94 N. J. 307, 463 A. 2d 921 (1983). We upheld the constitutionality of this statute against equal protection and due process challenges in *G. D. Searle & Co.* v. *Cohn*, 455 U. S. 404 (1982). We expressly reserved the Commerce Clause question in *Searle* because the applicable New Jersey law was unclear. *Id.*, at 413–414. We also vacated the judgment below and remanded to New Jersey courts a previous appeal arising out of Coons' lawsuit, for reconsideration in light of *Searle*. *Honda Motor Co.* v. *Coons*, 455 U. S. 996 (1982). That remand resulted in the New Jersey Supreme Court holding here, which Coons claims misapplies the Commerce Clause. Coons' suit has clarified the New Jersey law on the subject, and in striking down the New Jersey statute I think that the Supreme Court of New Jersey has gone beyond any of our Commerce Clause decisions. I would grant certiorari to review its decision.

Coons was burned badly when the fuel filler cap on his Honda motorcycle malfunctioned during a collision. New Jersey provides a 2-year statute of limitations for the type of injury suffered by Coons. N. J. Stat. Ann. § 2A:14–2 (West 1952). Coons waited four years, however, and brought suit in state court against Honda Motor Co. (American Honda) and its parent Honda Motor Co. of Japan (Honda of Japan). American Honda had a certificate to do business in New Jersey, as required by N. J. Stat. Ann. § 14A:13–4 (West 1969); Honda of Japan had no certificate. Because Honda of Japan had no certificate it was not "represented" in New Jersey under N. J. Stat. Ann. § 2A:14–22 (West 1952), and that statute therefore tolled the 2-year limitations period for all unrepresented corporations.[1] Thus American Honda

---

[1] New Jersey Stat. Ann. § 2A:14–22 (West 1952), has now been amended. See 1984 N. J. Laws, ch. 131. At the time of this lawsuit the statute stated in part:

"[I]f any corporation . . . not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any

successfully asserted a statute of limitations defense to Coons' complaint, but Honda of Japan could not.

A divided New Jersey Supreme Court held that interstate commerce was unconstitutionally burdened by § 14–22's requirement that a foreign corporation must qualify to do business in New Jersey before it could avail itself of the statute of limitations provided in N. J. Stat. Ann. § 2A:14–2 (West 1952). The court relied on, *inter alia*, our holdings in *Allenberg Cotton Co.* v. *Pittman*, 419 U. S. 20 (1974), and *Sioux Remedy Co.* v. *Cope*, 235 U. S. 197 (1914), to describe the tolling statute as a "forced-licensure provision," which when placed on corporations engaged in interstate commerce amounted to a *"per se"* violation of the Commerce Clause. 94 N. J., at 316–319, 463 A. 2d, at 926–927. Although both *Allenberg Cotton* and *Sioux Remedy* involved States which closed their courts entirely to foreign corporations, the New Jersey Supreme Court held that the rationale of those cases extended to the mere tolling of a statute of limitations against corporations unrepresented in the State.

I am not so sure that *Allenberg Cotton* and *Sioux Remedy* can be taken so far. The States involved in those cases totally barred foreign corporations from the state courts. Thus out-of-state corporations which entered into contracts in-state had no forum in which to enforce those contracts, and out-of-state competition was effectively precluded. New Jersey, however, provides greater protection to the contractual and legal interests of foreign corporations. For example, N. J. Stat. Ann. § 14A:13–11 (West 1969), states in part:

> "(2) The failure of a foreign corporation to obtain a certificate of authority to transact business in this State shall not impair the validity of any contract or act of such corporation, and

---

person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person . . . is not residing within this state or such corporation . . . is not so represented within this state shall not be computed as part of the periods of time within which such an action is required to be commenced by this section. . . ."

According to the New Jersey Supreme Court, a corporation cannot be "represented" in New Jersey for purposes of the above statute until it has received a certificate of authority to do business. See *Coons* v. *American Honda Motor Co.*, 94 N. J. 307, 312–316, 463 A. 2d 921, 924–925 (1983).

shall not prevent such corporation from defending any action or proceeding in any court of this State."

See also *Materials Research Corp.* v. *Metron, Inc.*, 64 N. J. 74, 312 A. 2d 147 (1973).

The contested New Jersey statute simply tolls the statute of limitations for most civil suits. As the Court noted in *Searle,* the tolling statute attempts to preserve a cause of action against absent defendants who may be difficult to find · and difficult to serve. 455 U. S., at 410. Moreover, the enactment of the New Jersey long-arm statute has not fully relieved the difficulty facing residents injured by absent defendants. See *ibid.*

The statute does not place an insuperable burden on a foreign corporation because the corporation may always plead laches as a defense to a plaintiff whose tardiness impairs the corporation's ability to defend itself. See *id.*, at 411. All the corporation need do to commence running of the limitations period is to become represented in New Jersey. As we stated in *Chase Securities Corp.* v. *Donaldson,* 325 U. S. 304, 314 (1945), and reiterated in *Searle, supra,* at 408, statutes of limitations represent a public policy decision about the privilege to litigate. Their shelter has never been a fundamental or natural right, but is provided only by legislative grace, subject to a relatively large degree of legislative control.

In drafting the contested statute the New Jersey Legislature sought to balance reasonable protection of its citizens from foreign tortfeasors against the requirement for unimpeded interstate commerce. The impact on interstate commerce here is fairly negligible. The New Jersey Supreme Court provided little discussion of why interstate commerce would actually be impeded by tolling a statute of limitations, subject to a laches defense, against an absent defendant not represented in the State. The existence of the tolling provision certainly did not dissuade Honda of Japan from selling motorcycles in New Jersey.

As we stated in *Pike* v. *Bruce Church, Inc.,* 397 U. S. 137, 142 (1970):

"Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits."

See also *Sioux Remedy, supra,* at 201.   The tolling provision of N. J. Stat. Ann. § 2A:14–22 (West 1952), does not so scarcely benefit local interests and so clearly burden interstate commerce that we should decline the opportunity to review this constitutional issue of first impression.   The Court should grant certiorari review for Nos. 84–385 and 84–591.[2]

---

[2] Honda of Japan brought the main petition in this case, No. 84–385, complaining of the New Jersey Supreme Court's decision, on rehearing, to apply its Commerce Clause holding prospectively.   See *Coons v. Honda Motor Co.,* 96 N. J. 419, 476 A. 2d 763 (1984).   The cross-petition, No. 84–591, was filed under this Court's Rule 19.5, and this Court should grant both the main petition and cross-petitions in order to reach the latter.   See this Court's Rules 19.5, 20.5.   If we were to reverse the New Jersey Supreme Court's Commerce Clause holding, there would be no need to address the issue presented in the main petition.