927 F.2d 1257
 288 U.S.App.D.C. 402
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Gordon L. DOLLAR, Appellant,
v.
Richard THORNBURGH, U.S. Attorney General, Appellee.
 No. 90-5160.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 20, 1991.
 
 AFFIRMED.
 Before BUCKLEY, SENTELLE and RANDOLPH, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellee's motion for summary affirmance and the response thereto, and the order to show cause issued September 18, 1990 and the response thereto, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the motion be granted. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). To the extent appellant's complaint sought to impose liability on the Attorney General for the alleged unconstitutional conduct of subordinates, the district court properly dismissed appellant's action for failure to state a cognizable claim. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976); see also Haynesworth v. Miller, 820 F.2d 1245, 1262 (D.C.Cir.1987) (no liability imposed on federal officials for unconstitutional acts of subordinates on respondeat superior theory in suit under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971)). Any allegations in appellant's complaint of personal misconduct by the Attorney General meet this court's standard for dismissal under 28 U.S.C. Sec. 1915(d). See Crisafi v. Holland, 655 F.2d 1305, 1307-08 (D.C.Cir.1981) ("A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind."); see also Brandon v. District of Columbia Board of Parole, 734 F.2d 56, 59 (D.C.Cir.1984), cert. denied, 469 U.S. 1126 (1985) (pro se suit properly dismissed as frivolous when "there is indisputably absent any factual and legal basis for the asserted wrong").
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.