254 N.J. Super. 69 (1992)
603 A.2d 75
DAVID T. SMITH AND MARIE SMITH, PLAINTIFFS-APPELLANTS,
v.
SQUIBB CORPORATION, A CORPORATION DOING BUSINESS IN THE STATE OF NEW JERSEY; SURGICOT, INC., A SQUIBB COMPANY, A CORPORATION DOING BUSINESS IN THE STATE OF NEW JERSEY; AND ERNEST MARIO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 27, 1992.
Decided February 19, 1992.
*70 Before Judges J.H. COLEMAN and KEEFE.
*71 Stephen J. Edelstein argued the cause for appellant (Schwartz, Pisano, Simon & Edelstein, attorneys; Stephen J. Edelstein and Michael S. Rubin on the brief).
Stuart M. Feinblatt argued the cause for respondent (Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross, attorneys; Barry M. Epstein of counsel; Stuart M. Feinblatt and Scott N. Rubin on the brief).
The opinion of the court was delivered by J.H. COLEMAN, P.J.A.D.
The issue raised in this appeal is whether Shebar v. Sanyo Business Systems Corp., 111 N.J. 276, 288-289, 544 A.2d 377 (1988) should be applied retroactively or prospectively. We hold that it should be applied retroactively.
This is the second appeal in this case in which David T. Smith (plaintiff) has alleged wrongful termination of employment. In our first decision dated July 19, 1989, we held that plaintiff's claim of an oral contract of employment supported by an act of forbearance alleged a cause of action similar to that alleged in Shebar. The Supreme Court denied defendants' petition for certification on November 13, 1989, 118 N.J. 223, 570 A.2d 977.
The matter was scheduled for trial on September 24, 1990. On that date defendants presented the trial court with a motion seeking a ruling that Shebar be given prospective application only. The motion was argued on October 9, 1990, and the judge ruled in favor of defendants and dismissed the complaint by order dated November 7, 1990. In a letter opinion filed pursuant to R. 2:5-1(b), the judge concluded that based on Grigoletti v. Ortho Pharmaceutical Corp., 118 N.J. 89, 570 A.2d 903 (1990), Shebar should be given only prospective application. She held that Shebar's recognition that "forbearance from accepting another job offer can be adequate consideration for an oral employment contract ... was certainly new to New Jersey" and should be applied prospectively from the date Shebar was decided, August 4, 1988.
*72 On this appeal, plaintiff argues that Grigoletti was limited to Woolley v. Hoffmann-LaRoche, 99 N.J. 284, 491 A.2d 1257, modified, 101 N.J. 10, 499 A.2d 515 (1985), type claims and that Shebar as well as the present case are not Woolley type cases. We agree.
Grigoletti, supra, 118 N.J. at 116-117, 570 A.2d 903, held that the decision in Woolley should be applied only prospectively because "it involved a novel and unanticipated interpretation and application of that law and, in fact, altered the basic structure of employer/at-will-employee relations." Id. 99 N.J. at 116, 491 A.2d 1257. The Court further observed that "Woolley took a quantum leap forward in holding that contractual obligations could be implied in fact from an employment manual, and gave such manuals and similar employer policies a legal significance not theretofore found." Id. at 117, 570 A.2d 903. Thus, Grigoletti's prospectivity holding is limited to Woolley type employment contracts.
Shebar in plain and unmistakable language made clear that it did not involve a Woolley type claim because no employment contract based on an employment manual or employer policies was alleged. To the contrary, Shebar alleged an oral promise was made to him that he would not be discharged except for cause. He alleged an act of forbearance in not accepting another job as the required additional consideration. The Shebar Court stated "There is no basis in this record for finding an established [Woolley type] company-wide termination policy. What is before us is a special contract with a particular employee, not a general agreement covering all employees." Shebar, supra, 111 N.J. at 288, 544 A.2d 377.
Nor does Shebar represent a novel or unanticipated interpretation of the law such as required by Coons v. American Honda Motor Co., Inc., 96 N.J. 419, 426-434, 476 A.2d 763 (1984), cert. denied, 469 U.S. 1123, 105 S.Ct. 808, 83 L.Ed.2d 800 (1985), in order to satisfy the test for nonretroactivity. Shebar cited Savarese v. Pyrene Mfg. Co., 9 N.J. 595, 89 A.2d *73 237 (1952), Shiddell v. Electro Rust-Proofing Corp., 34 N.J. Super. 278, 112 A.2d 290 (App.Div. 1954), certif. denied, 17 N.J. 408, 111 A.2d 527 (1955) and Rogozinski v. Airstream By Angell, 152 N.J. Super. 133, 143, 377 A.2d 807 (Law Div. 1977), affirmed except as to damages, 164 N.J. Super. 465, 397 A.2d 334 (App.Div. 1979), as support for its holding. Shebar, supra, 111 N.J. at 285-288, 544 A.2d 377. Savarese acknowledged that oral contracts for long term employment, supported by consideration additionally to the services incident to the employment, are not void even though they are difficult to prove. Savarese, supra, 9 N.J. at 600-602, 89 A.2d 237. To the same effect, is Shiddell, supra, 34 N.J. Super. at 289-290, 112 A.2d 290. Rogozinski recognized a long term contract of employment supported by considerable sacrifice of important economic advantages.
Shebar instructs that an alleged breach of an oral contract of employment made to an individual, rather than through a manual or company policies, "should be analyzed by those contractual principles that apply when a claim is that an oral employment contract exists." Shebar, supra, 111 N.J. at 288, 544 A.2d 377. Under general contract law, New Jersey has acknowledged for over three-quarters of a century that an act or promise of forbearance may be sufficient consideration to support an alleged oral contract of employment. See Bird v. J.L. Prescott Co., 89 N.J.L. 591, 591-592, 99 A. 380 (E. & A. 1916), cited in Savarese, supra, 9 N.J. at 600, 89 A.2d 237. The employee in Bird did not prevail because of the insufficiency of the evidence required to meet the heavy burden of proving a contract of lifetime employment. Indeed, Bird said nothing to suggest that oral contracts of employment supported by a act or promise of forbearance were invalid. See also 1 Williston on Contracts, § 135, at 566 (3d ed. 1961); 1 Corbin on Contracts, § 135, at 575 (1950); United & Globe Rubber Mfg. Cos. v. Conard, 80 N.J.L. 286, 289, 78 A. 203 (E. & A. 1910).
*74 We conclude that an oral contract of employment supported by additional consideration such as an act or promise of forbearance, if not recognized in this State as valid since the Bird decision in 1916 no matter how difficult to prove, "had been foreshadowed, at least in part, for years" before Shebar was decided. Mirza v. Filmore Corp., 92 N.J. 390, 399, 456 A.2d 518 (1983); Coons, supra, 96 N.J. at 427, 476 A.2d 763. For that reason alone, Shebar should be applied retroactively.
Beyond that, we based our prior decision on Shebar, Savarese, Shiddell and Rogozinski, all cited with approval in Shebar. We held that plaintiff's complaint could not be dismissed on summary judgment motion for failure to state a claim. When the Supreme Court denied defendants' petition for certification, our prior decision became the law of the case as to that issue and "that decision should [have been] the end of the matter." State v. Hale, 127 N.J. Super. 407, 410, 317 A.2d 731 (App.Div. 1974); State v. Stewart, 196 N.J. Super. 138, 143, 481 A.2d 838 (App.Div.), certif. denied 99 N.J. 212, 491 A.2d 707 (1984). Also under the doctrines of res judicata and collateral estoppel, our prior decision that Shebar controls the present case, precluded the entry of the order that gives rise to this appeal. Velasquez v. Franz, 123 N.J. 498, 505-507, 589 A.2d 143 (1991); State v. Gonzalez, 75 N.J. 181, 186, 380 A.2d 1128 (1977). Any argument defendant desired to advance as to why Shebar should not be followed, should have been advanced at that time, otherwise such an issue is deemed to have been waived. Even if our prior decision was wrong, it is fundamental that the principles of res judicata and collateral estoppel preclude any further consideration of that decision because of the need for finality as to whether a cause of action is alleged in the complaint. Velasquez, supra, 123 N.J. at 511, 589 A.2d 143.
The order dated November 7, 1990 is reversed and the matter is remanded to the Law Division for trial.