631 A.2d 574

EDUARDO TOBON, PLAINTIFF–APPELLANT, v. 8894 TONNELE AVENUE CORP., DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted September 20, 1993—Decided October 7, 1993.

Before Judges J.H. COLEMAN and THOMAS.

*Daniel G. Larkins,* attorney for appellant.

*Cohn and Cohn,* attorney for respondent (*Richard Kotkin,* on the brief).

The opinion of the court was delivered by

J.H. COLEMAN, P.J.A.D.

This is an appeal from a summary judgment dismissing the complaint for personal injuries because the two-year statute of limitations, *N.J.S.A.* 2A:14–2, was tolled only until plaintiff's eighteenth birthday by virtue of *N.J.S.A.* 2A:14–21 as amended by *N.J.S.A.* 9:17B–1 to 3.

The plaintiff was born on December 29, 1970. He was injured in a fall-down accident on January 21, 1979. He became eighteen years old on December 29, 1988. The Appellate Division on May

8, 1991, decided that the two-year statute of limitations, *N.J.S.A.* 2A:14–2, continued to be tolled pursuant to *N.J.S.A.* 2A:14–21 as amended by *N.J.S.A.* 9:17B–1 to 3 until the age of twenty-one. *Green v. Auerbach Chevrolet Corp.*, 248 *N.J.Super.* 128, 590 *A.*2d 678 (App.Div.1991). Plaintiff filed his complaint on July 15, 1991, when he was about five months shy of his twenty-first birthday. About the same time the Supreme Court granted certification in *Green* on July 9, 1991. 126 *N.J.* 339, 598 *A.*2d 896. The motion for summary judgment was heard and decided on February 7, 1992. Plaintiff relied on *Green* in opposition to the motion. The Law Division judge applied *Seibert v. Cathey*, 216 *N.J.Super.* 197, 523 *A.*2d 267 (App.Div.1987), and *Tyson v. Groze*, 172 *N.J.Super.* 314, 411 *A.*2d 1170 (App.Div.1980), which were distinguished in *Green.* The Supreme Court decided *Green* on June 3, 1992. 127 *N.J.* 591, 606 *A.*2d 1093.

In this appeal, plaintiff argues that although the Supreme Court reversed the Appellate Division in *Green,* and held that the statute is tolled until age eighteen rather than age twenty-one, its decision is to be applied prospectively only. Thus the real issue becomes whether the Supreme Court's holding in *Green* establishing age eighteen as the end of the tolling period applies to this case.

The Supreme Court took care to note that prior to its decision in *Green,* the legislative enactment of *N.J.S.A.* 9:17B–1 to 3 "has generated twenty years of uncertainty over the question whether that enactment was intended to change from twenty-one years to eighteen years the age until which that statute of limitations is tolled." *Green, supra,* 127 *N.J.* at 592, 606 *A.*2d 1093. Based upon equitable considerations, fairness, surprise and the uncertainty over the issue for twenty years, the Court concluded that it was "satisfied that the interests of justice will be better served by prospective application of our decision." *Id.* at 601, 606 *A.*2d 1093. The meaning of prospectivity was refined more recently to mean that the decision "applies only to cases in which the operative facts arise after the date of the decision. *See Coons II, supra,* 96 *N.J.* at 425–35 [476 *A.*2d 763] [*Coons v. American Honda Motor Co.*, 96

*N.J.* 419, 476 *A.*2d 763 (1984), *cert. denied,* 469 *U.S.* 1123, 105 *S.Ct.* 808, 83 *L.Ed.*2d 800 (1985) ]. Our decision does not apply to this case, pending cases, or to cases the operative facts of which arose before the date of this decision." *Montells v. Haynes,* 133 *N.J.* 282, 298, 627 *A.*2d 654 (1993). Thus *Green* and *Montells* are to be accorded "purely prospective" application. *State v. Burstein,* 85 *N.J.* 394, 403, 427 *A.*2d 525 (1981).

We hold that since the operative facts in this case predate the Supreme Court's June 3, 1992, decision in *Green,* the two-year statute of limitations was tolled until plaintiff's twenty-first birthday.

The summary judgment is reversed and the complaint is reinstated.