279 N.J. Super. 251 (1995)
652 A.2d 746
JASON STANDARD, PLAINTIFF-APPELLANT,
v.
ANTHONY E. VAS, MARIE N. DOMINGUES, NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 10, 1995.
Decided February 2, 1995.
*252 Before Judges PRESSLER, LANDAU and NEWMAN.
Brian C. Bartlett, attorney for appellant.
Kelaher, Garvey, Ballou & Van Dyke, attorneys for respondent (Peter J. Van Dyke, on the brief).
The decision of the court was delivered by LANDAU, J.A.D.
This appeal by plaintiff Jason Standard is from a summary judgment entered in favor of defendants Anthony E. Vas, Marie N. Domingues, and the New Jersey Automobile Full Insurance Underwriting Association, dismissing plaintiff's automobile accident negligence complaint as time-barred under N.J.S.A. 2A:14-2, despite the tolling provisions of N.J.S.A. 2A:14-21.
We reverse because the motion judge failed to afford to the Supreme Court's opinion in Green v. Auerbach Chevrolet Corp., 127 N.J. 591, 606 A.2d 1093 (1992), the "prospective application" contemplated by that case and subsequent judicial decisions. Analysis of the authorities, however, prompts us to attempt to clarify interpretation of what properly constitutes "prospective application" in varying fact patterns.
The facts in the present case are undisputed. Plaintiff was born January 13, 1972. On February 18, 1991, at the age of nineteen, *253 he was injured in the accident which is the subject of this action, filed November 12, 1993.
In Apgar v. Lederle Laboratories, 123 N.J. 450, 454-455, 588 A.2d 380 (1991), the Supreme Court recognized the existence of twenty years of uncertainty respecting the effect of L. 1972, c. 81, 87 (N.J.S.A. 9:17B-1 et seq.), which lowered the age of majority from twenty-one years to eighteen years, upon the legislatively unamended N.J.S.A. 2A:14-21. Despite enactment of L. 1972, c. 81, 87, the latter statute has continued to provide for tolling, inter alia, the two-year limitation for commencing a personal injury action (N.J.S.A. 2A:14-2), in cases where the right accrues while the plaintiff is under twenty-one, to permit commencement of the action "within such time as limited by said sections [e.g. N.J.S.A. 2A:14-2], after his coming to or being of full age ...". N.J.S.A. 2A:14-21.
One year after Apgar, Green resolved the conflicting case law and legislative provisions, including any question presented by express statutory exception of the tolling provisions from the operative effect of the age-of-majority statute. It concluded that:
[T]he tolling provision and the age-of-majority statute, read together, reflect a clear legislative purpose to lower the age of majority from twenty-one to eighteen for all purposes, including the establishment of eighteen as the age until which the statutes of limitation ... are tolled. Green, 127 N.J. at 598 [606 A.2d 1093].
However, given the persistent uncertainty over the issue since enactment of the lowered age-of-majority, the Court found that "the interests of justice will be better served by prospective application of our decision." Green, 127 N.J. at 601, 606 A.2d 1093.
Two decisions pertinent to the present issues were decided subsequent to Green. In Montells v. Haynes, 133 N.J. 282, 627 A.2d 654 (1993), an employment discrimination case, the Court referred to Green and its earlier decision in Coons v. American Honda Motor Co., 96 N.J. 419, 476 A.2d 763 (1984), cert. den., 469 U.S. 1123, 105 S.Ct. 808, 83 L.Ed.2d 800 (1985), and concluded that prospective application should be given to its holding that a two-year statute of limitations was applicable. Consequently, the *254 decision was held to apply "only to cases in which the operative facts arise after the date of the decision." Id., 133 N.J. at 298, 627 A.2d 654 (emphasis supplied).
Several months after Montells, we decided Tobon v. 8894 Tonnele Ave. Corp., 267 N.J. Super. 322, 631 A.2d 574 (App.Div. 1993), a personal injury case instituted on July 15, 1991, by a complainant whose accident occurred in 1979, and who became eighteen on December 29, 1988. Noting that the Supreme Court decision in Green was handed down on June 3, 1992, we reversed the grant of summary judgment which had been based upon the two-year statute. We held that, "since the operative facts in this case predate the Supreme Court's June 3, 1992, decision in Green, the two-year statute of limitations was tolled until plaintiff's twenty-first birthday." Id. 267 N.J. Super. at 325, 631 A.2d 574.
Plaintiff argues, not without some justification in view of the broad construction previously given to the phrase "in which the operative facts arise", that the two-year statute of limitations did not begin to run until his twenty-first birthday, January 13, 1993.
Defendants point to the equitable considerations underlying rejection of retroactive application of Green, and urge that plaintiff is not subject to the same equitable considerations because his cause of action arose on February 18, 1991, still leaving eight months to file after publication of the Supreme Court decision in Green on June 3, 1992. Thus, unlike persons injured more than two years earlier, but who were twenty or more at the time Green was decided, plaintiff's right to commence an action would not have been totally barred by retroactive application of its interpretation of the tolling and age-of-majority statutes.
We find nothing in Green, Montells, or Tobon to support defendants' suggested interpretation that Green's prospective application be deemed limited to circumstances where the plaintiff would otherwise have been entirely barred from commencing an action on June 3, 1992. The Green rule only applies to cases in *255 which the "operative facts" arise after the date of the decision. See Montells, 133 N.J. at 298, 627 A.2d 654; Tobon, 267 N.J. Super. at 325, 631 A.2d 574.
However, we believe that the equitable underpinnings of Green's prospective-only holding requires that we consider whether it was intended to toll running of the statute of limitations until the twenty-first birthday of every minor who had accrued a cause of action prior to June 3, 1992. Thus, for example, a person who suffered an accident in 1981 at the age of six would not have to commence action until 1998, rather than within two years from his or her eighteenth birthday, despite promulgation of the Green interpretation in 1992 before that person achieved majority at eighteen.
"[T]he primary focus in resolving questions of retroactivity is with `considerations of fairness and justice, related to reasonable surprise and prejudice to those affected.'" Green, 127 N.J. at 600-601, 606 A.2d 1093 (citing New Jersey Election Law Enforcement Comm'n v. Citizens, 107 N.J. 380, 383, 526 A.2d 1069 (1987)). This practice is appropriate when a court renders a clarifying decision in an uncertain area of the law, particularly when the public could reasonably have relied on a different conception of the state of the law. Montells, 133 N.J. at 298, 627 A.2d 654; Coons, 96 N.J. at 425-427, 476 A.2d 763.
However, the Supreme Court has also made clear its recognition of the balancing equitable considerations of statutes of limitation; promotion of timely and efficient litigation of claims, see Montells, 133 N.J. at 292, 627 A.2d 654 and Ochs v. Federal Ins. Co., 90 N.J. 108, 447 A.2d 163 (1982); prevention of stale claims, Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 115, 299 A.2d 394 (1973); provision of repose, Rosenau v. City of New Brunswick, 51 N.J. 130, 136, 238 A.2d 169 (1968); and recognition of the impact of time upon the memory and availability of witnesses, Montells, 133 N.J. at 293, 627 A.2d 654.
Thus, at least in cases involving personal injury to minors, we interpret the "operative facts", i.e., those "exerting force or influence"[1], *256 to include those bearing on fair accommodation of the competing considerations mentioned in Montells. Here, these would include the date of the accident, plaintiff's age of nineteen at the time of accident, the unsettled state of the law at that time, and the date when Green was decided, June 3, 1992. Consistent with the Court's interpretation of legislative intent, the statute should be deemed to commence running as close to the age of eighteen as may be consistent with preserving the full two year limitation period, but no more, for one who reasonably relied upon cases such as our earlier opinion in Green v. Auerbach Chevrolet, 248 N.J. Super. 128, 590 A.2d 678 (App.Div. 1991), until it was modified on June 3, 1992 in Green, supra. 127 N.J. 591, 606 A.2d 1093. In the present case, this would fix June 3, 1994, as the last day for commencing an action, rather than January 13, 1995, as urged by plaintiff. In either event, the plaintiff's November 12, 1993, filing falls safely within the two-year limitations period, warranting reversal of the summary judgment afforded to defendants.
However, in the future, we see no equitable or sound policy reason why youthful litigants who were injured prior to June 3, 1992, must invariably be given until two years from their twenty-first birthday to commence suit if, in fact, they have two years notice of Green. The proper limit, we suggest, is two years from the date of Green, two years from the date of accident, or two years from attaining the age of eighteen, whichever is the later.[2] Such a formulation should greatly accelerate implementation of Green, while accommodating the competing considerations noted in Montells.
Reversed and remanded for further proceedings.
NOTES
[1] Webster's Ninth New Collegiate Dictionary 827 (1983).
[2] Given the facts in Tobon, supra, 267 N.J. Super. 322, 631 A.2d 574, we do not believe our opinion is inconsistent with its holding that Tobon be permitted to file within two years of his twenty-first birthday. To the extent Tobon may be deemed to impose such rule in all pre-Green cases, we respectfully disagree.